KAREN P. HEWITT
United States Attorney
FRED SHEPPARD
Assistant United States Attorney
California State Bar No. 250781
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7176
Facsimile:  (619) 235-2757
Email: fred.sheppard@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                           )<br>               Plaintiff,               )<br>                                                           )<br>        v.                                            )<br>                                                           )<br> JOSE LUIS JUAREZ-JUAREZ,  )<br>                                                           )<br>               Defendant.            )<br>                                                           )<br>_____) | Criminal Case No. 07CR3013-H<br><br>Date:  February 19, 2008<br>Time:  9:00 a.m.<br><br>**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S REQUEST FOR ADDITIONAL DOWNWARD ADJUSTMENTS AND DEPARTURES** |

   The Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Fred Sheppard, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's Sentencing Memorandum, which includes a request for additional downward adjustments and departures ("Deft's Memo."), filed by Jose Luis Juarez-Juarez ("Defendant") on February 14, 2008.  This Response and Opposition is based on the files of this case and the Presentence Report ("PSR") of Defendant.

   On November 26, 2007, Defendant pled guilty to importing approximately 50.32 kilograms of marijuana into the United States from Mexico. Pursuant to the terms of the Plea Agreement, the United States is recommending significant downward adjustments and departures, including a two-level reduction for safety-valve [USSG §§ 2D1.1(b)(9) and 5C1.2], a two-level reduction for minor role [USSG § 3E1.2(b)], a three-level adjustment for acceptance of responsibility [USSG § 3E1.1(b)], and

a two-level downward departure for fast-track early disposition [USSG § 5K3.1]. In sum, the United States is recommending an adjusted base offense level of 11, which is a total of nine levels lower than this offense would otherwise warrant. Despite these significant downward adjustments and departures, Defendant now requests additional adjustments and departures of two levels for aberrant behavior and a combination of circumstances. The United States' position is that Defendant's requests are ill-founded and the negotiated low-end sentence of 8 months is both necessary and appropriate in this case.

### I.

### STATEMENT OF FACTS

On September 28, 2007, Defendant attempted to smuggle approximately 50.32 kilograms of marijuana into the United States from Mexico through the Calexico, California, East Port of Entry. [PSR 1.] Defendant was the driver, registered owner, and sole occupant of a 1989 Ford Ranger pickup truck bearing California license plates. [Id.] A narcotics detection dog alerted to the rear bumper area of the truck, and a further search of the truck revealed approximately 20 packages of marijuana concealed within a non-factory compartment in the bed area of the truck. [Id.] After acknowledging and waiving his Miranda rights, Defendant admitted he knew the truck contained something illegal but he claimed he did not know what was concealed in it. [Id. at 1.] Defendant stated that he was to be paid $1,500.00 dollars for driving the narcotics-laden truck to the Pep Boys parking lot in Calexico, California. [Id. 1-2.]

### II.

### ARGUMENT

**A.  A Downward Departure Based On Aberrant Behavior Is Inappropriate Because This Is Not An "Extraordinary" or "Exceptional" Case, And The Defendant Committed Significant, Planned Misconduct.**

Defendant moves the Court for a downward departure based on aberrant behavior under USSG § 5K2.20. The Court may depart downward for aberrant behavior under USSG § 5K2.20 only if the Court determines that (1) this is an extraordinary or exceptional case, and (2) the defendant's behavior was "aberrant" under the three-factor test in USSG § 5K2.20(b). See United States v. Guerrero, 333 F.3d 1078, 1081-82 (9th Cir. 2003). The three-factor test in USSG § 5K2.20(b) provides that a defendant's criminal conduct may be considered aberrant behavior "only if the defendant committed a

single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." Defendant should not be granted an aberrant behavior departure because: (1) this case is not extraordinary or exceptional; and (2) Defendant admits to significant substance abuse and his criminal history in Mexico is unknown and unverified, and therefore, it is unclear whether Defendant has been living, other than his admitted drug use, an otherwise law-abiding lifestyle in his home country of Mexico.

As a threshold matter, Defendant failed to allege how this case is "extraordinary" or "exceptional." A departure for aberrant behavior should be granted only in exceptional circumstances. See United States v. Benally. 215 F.3d 1068, 1074 (10th Cir. 2000), cert. denied, 534 U.S. 1034 (2001) (the record "must illustrate some unique circumstance – some element of abnormal or exceptional behavior – besides the fact the defendant has never before committed the crime"). While the Guidelines do not define what constitutes an "extraordinary" or "exceptional" case, the Guidelines do provide certain non-exhaustive factors that the Court may consider in making this determination. See USSG § 5K2.20, comment. n. 2. These factors include the Defendant's: (a) mental and emotional condition; (b) employment record; (c) record of prior good works; (d) motivation for committing the offense; and (e) efforts to mitigate the effects of the offense. USSG § 5K2.20, comment n. 2.

The Ninth Circuit places "considerable emphasis on a defendant's motivations and any surrounding extenuating circumstances" in deciding whether a defendant's crime truly constitutes aberrant behavior. United States v. Green, 105 F.3d 1321, 1323 (9th Cir. 1997); see also United States v. Takai, 941 F.2d 738 (9th Cir. 1991) (aberrant behavior departure granted for defendant attempted to bribe an INS official to obtain green cards to help his friends and family members, not for financial gain); United States v. Lam, 20 F.3d 999 (9th Cir. 1994) (aberrant behavior departure granted because the defendant did not know owning a sawed-off shotgun was a crime, bought the gun solely to protect his sister in a crime ridden area, and only previous conviction was minor and totally unrelated).

This is a typical marijuana smuggling case involving a defendant who attempted to earn some easy money by smuggling drugs – Defendant admitted he was to be paid $1,500.00 dollars for smuggling the marijuana from Mexico into the United States. [PSR 2.] To his credit, Defendant has no known

criminal convictions in the United States. [PSR 3.] However, there are no other factors that demonstrate that this is an "exceptional" or "extraordinary" case that warrants a downward departure based on aberrant behavior. Defendant does not suffer from any extraordinary mental and emotional condition as neither Defendant nor his common-law wife provided any history of mental or emotional problems. [Id. at 5.] The United States is not aware of any exemplary "prior good works" performed by Defendant. In addition to his admitted use of both marijuana and methamphetamine, Defendant was simply motivated by the lure of easy money for smuggling drugs, which makes this case neither "extraordinary" nor "exceptional."

As discussed above, Defendant has no known criminal history in the United States. However, given Defendant's past residential history and ties to Mexico, it is unknown whether he has a criminal history in his country of origin. [PSR 12.] Furthermore, Defendant, has admitted to using marijuana since the age of 20, including on the day of the instant offense. [PSR 5.] In addition, Defendant admits to using methamphetamine the past four years, including the day prior to this offense. [PSR 5.] As such, the Defendant has not carried his burden to prove that his involvement in the instant marijuana smuggling offense is a "marked deviation" from his alleged otherwise law-abiding lifestyle.

Based upon the above analysis, Defendant's request for an aberrancy departure, whether under the Sentencing Guidelines or under 18 U.S.C. § 3553(a), should be denied because Defendant has failed to show that his conduct was truly aberrant.

**B.    A Combination of Circumstances Departure Is Unwarranted.**

The Defendant also requests that the Court depart downward based on a combination of factors, including his motivation, family circumstances, and financial situation, in the event the Court denies the Defendant's aberrancy request. [Def. Mtn. at 7-9.] Defendant has the burden to show that he is entitled to a downward departure. United States v. Anders, 956 F.2d 907, 911 (9th Cir. 1992). In the appropriate case, "a unique combination of factors" may constitute appropriate grounds for a downward departure. United States v. Cook, 938 F.2d 149, 152-53 (9th Cir. 1991); U.S.S.G. § 5K2.0(c). A downward departure based on multiple circumstances that are independently insufficient to warrant departure is only permitted if the combined factors or circumstances (1) make the case an "exceptional one," (2) "are present to a substantial degree," and (3) are "identified in the guidelines as a permissible ground for

departure, even if . . . not ordinarily relevant to a determination of whether a departure is warranted." USSG § 5K2.0(c). A downward departure may be granted only if the factor is sufficient to "take the case out of the Guideline's heartland" while "bear[ing] in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be 'highly infrequent.'" United States v. Cubillos, 91 F.3d 1342, 1343 (9th Cir. 1996) (quoting Koon v. United States, 518 U.S. 81, 96 (1996)).

### 1.   *Defendant's Motivation Is Not An "Exceptional One."*

Defendant contends that he was motivated to commit the instant offense because he needed money to pay the medical bills associated with his girlfriend's daughter. [PSR 4.] Defendant's motivation to make easy money matches the majority of defendants that come before this Court on a regular basis. If Defendant was truly worried about his girlfriend and child than he would not have become involved in a significant drug smuggling event, which resulted in his current incarceration, will result in his deportation to Mexico, and his inability to legally return to the United States. Unlike many of the defendants that this Court sentences on a regular basis, Defendant did not provide any additional information in his sentencing memorandum that would support a further reduction in his sentence. The Defendant's motivation and family circumstances do not take his case out of the Guideline's heartland.

### 2.   *The Fact That Defendant Cannot Care for His Family During His Incarceration Does Not Represent an "Extraordinary" Family Circumstance.*

Perhaps recognizing that his family circumstances are not so extraordinary as to justify a departure based on family responsibilities under USSG § 5H1.6, Defendant instead argues that his family responsibilities qualify his for a departure under a combination of circumstances theory. However, "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." USSG § 5H1.6. Indeed, the Ninth Circuit has explained that "the imposition of prison sentences normally disrupts spousal and parental relationships." United States v. Berlier, 948 F.2d 1093, 1096 (9th Cir. 1991) (emphasis added), overruled on other gds., United States v. Aguirre, 214 F.3d 1122 (9th Cir. 2000). Nonetheless, departures based on family circumstances may be upheld if the factor is present "to an exceptional degree." Aguirre, 214 F.3d at 1127 (citation omitted). This is not such an exceptional case.

The Ninth Circuit has made clear that family circumstances will not typically be deemed "exceptional" unless the defendant is an irreplaceable caretaker. For example, in United States v. Leon,

341 F.3d 928 (9th Cir. 2003), the sentencing judge granted the downward departure and imposed a sentence including home detention where the defendant's wife, who was afflicted with renal cancer, was in legitimate danger of committing suicide if the defendant – his sole and indispensable caretaker – were incarcerated. In affirming, the Ninth Circuit noted that valid downward departures based on extraordinary family circumstances "generally involve situations where the defendant is an irreplaceable caretaker of children, elderly, and/or seriously ill family members, and the extent of the departure appropriately serves to protect those family members from the impacts of the defendant's prolonged incarceration." Id. at 931 (emphasis in original) (citations omitted). Conversely, downward departures involving a "non-essential caretaker" are typically unwarranted. Id. at 932.

Defendant is not an "irreplaceable" caretaker for his children, since his soon-to-be ex-wife has been filling this role long before his arrest in this matter. The mere fact that Defendant's detention may be disruptive for his family is an inherent result of prison sentences, as stated by the Ninth Circuit in Berlier, and not a proper basis for departure. Because Defendant is not an irreplaceable caretaker, his family ties are not exceptional and cannot support a combination of circumstances departure.

### 3. *That Incarceration Could Impact Defendant's Family Is Not "Extraordinary" And Does Not Justify a Downward Departure.*

The impact of Defendant's incarceration on his family is not extraordinary because "all families suffer when one of their members goes to prison." United States v. Shortt, 919 F.2d 1325, 1328 (8th Cir. 1990); see also United States v. Calhoun, 49 F.3d 231, 237 (6th Cir. 1995) (affirming refusal to depart downward for mother who was sentenced to eighty-seven months in prison because the fact that the defendant's fourteen-month-old "infant may suffer does not give rise to an extraordinary circumstance that should be reflected in sentencing"). Furthermore, the Sentencing Commission anticipated that "disruption of the parental relationship when a parent is imprisoned almost always exposes children to the risk of psychological harm," yet found that this alone was not a proper ground for departure. United States v. Miller, 991 F.2d 552, 553 n.1 (9th Cir. 1993), overruled on other gds., Aguirre, supra.

The effects of Defendant's absence from his family are direct and foreseeable consequences of criminal activity that Defendant should have considered prior to committing the instant offense. While it is indeed unfortunate that Defendant's incarceration may adversely impact his family, Defendant's situation is not exceptional and cannot support a combination of circumstances departure.

## III.
## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence the Defendant in accordance with the Plea Agreement and the United States' Sentencing Summary Chart in this case and deny Defendant's request for additional two-level downward reduction.

DATED:   February 15, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Fred Sheppard*

FRED SHEPPARD
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    ) <br>    Plaintiff, ) <br>    ) <br>    v. ) <br>    ) <br>JOSE LUIS JUAREZ-JUAREZ,, ) <br>    ) <br>    Defendant. ) <br>_____) | Criminal Case No. 07CR3013-H<br><br>Date:  February 19, 2008<br>Time:  9:00 a.m.<br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

   I, Fred Sheppard, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

   I am not a party to the above-entitled action. I have caused service of the **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S REQUEST FOR ADDITIONAL DOWNWARD ADJUSTMENTS AND DEPARTURES**, dated February 14, 2008, and this Certificate of Service, dated February 15, 2008, on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

GERARD WASSON
*Lead Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 15, 2008.

   /s/ *Fred Sheppard*
   Fred Sheppard
   Assistant United States Attorney

07CR3013-H